Okay, Mr. May it please the court, my name is Paul Trahan. I'm here on behalf of the appellant Armadillo Hotel Group. The trial court committed legal error in this claim splitting case when it applied only one part of the two-part test for claim splitting. This court made clear in its relatively recent general land office decision that claim splitting involves a two-part test. To dismiss for claim splitting, the trial court was not only obligated to consider whether or not the nucleus of operative facts in the two cases were the same, but also whether there was either an identity of parties or privity of parties. And the trial court wholly disregarded the second required element for the claim splitting analysis. So we're putting aside the first, same job, same time period, same thefts, they sure look map, the state and federal, your counterclaim looks pretty similar, so we're just focusing on the second issue. That's, that's not correct, your honor. We're focusing on both issues and we've taken up both with respect to this appeal. With respect to the transactions test, as it's commonly referred to, the test is whether or not the cases involve the same nucleus of operative facts. And the operative facts here are entirely different. For the primary reason that the parties are entirely different. The appellant is the Armadillo Hotel Group, LLC, which is a parent corporation as described in our response to the motion to dismiss. To the counterclaimant in the first file case, which is a state court case, which is a different entity. It's AHG Management, LLC. We're slipping to the second, I think we're slipping to the second part. My point at the outset, I thought we'd just get past same nucleus facts because it's the same jobs and the same time period and I think the same thefts. So when you start saying what Armadillo is as distinct from the management company, that sounds like we're looking at the second part. That's a good question and the two do tend to blend together, but the reason that they're different is because what the complaint makes clear throughout, and this is summarized on page 12 of our reply, there are 13 instances in the complaint where Armadillo Hotel Group identifies or asserts that it's its trade secrets, which are at issue in the federal lawsuit. In the state court lawsuit, there's no trade secret claims to begin with, but with they are, they couldn't be the trade secrets of Armadillo Hotel Group. Because AHG Management doesn't own those trade secrets. AHG Management can't assert and couldn't assert claims for breach of trade secrets that it doesn't own. Both Your Honor and I may have someone steal our bank account information, but your bank account information is different from mine and those claims to, to asserting claims for that theft, there's no way they could arise from the same nucleus of operative facts. The mere fact that the same categories of information were stolen doesn't mean they're the same, and based on the, this record, which is the, the, the counterclaim and this complaint, you're dealing with different trade secrets or different information owned by different parties, so it does matter. Let me just test you a little there, because Judge Yackel's opinion is short, and I do agree with you. The focus seemed to be the first part, and I understand your argument that the two are interrelated, but is this correct or not, just on the pleadings, that he would have seen that in the federal case, you say that in May of 2019, Armadillo hired the plaintiffs, but in the state case, you say that AHG, in May 2019, hired. And if that's true, the pleadings, he would have led him to believe it's the same entity that's hiring them. So is that correct, incorrect factually, legally, both? Well, it's, it's a correct statement of what the pleadings say, but it's inaccurate, because there was no confusion, and we know that, right? Because what Judge Yackel said is that there is an apparent difference in the parties. What Your Honor is suggesting is that the statements in the different pleadings might have confused Judge Yackel. Yeah. But we know that didn't happen, because he acknowledged in his order that they were different parties. In the story, you think, at the pleading stage? Absolutely. For purposes of Rule 12b-6, at the pleading stage, the fact that the parties are different on the facts as pled, and the fact that Judge Yackel made clear from his, his order that there was, he wasn't confused about that point, I think puts an end to that issue. Okay. So isn't all he's saying, all I interpreted to mean is that these are two actual different entities, not that they had a different role, not that they didn't each hire these two individuals or whatever else. One's got the full name, and one's got initials, and that's all I read Judge Yackel to be saying, that these are two entities, which doesn't mean he didn't get to the privity, which doesn't mean that this, that privity can't be shown based on what's in these pleadings, but it seems like he's acknowledging that, for whatever reasons, these two different closely related entities do actually exist, and it wasn't a typo. Is that, is that enough to make you a point, or is he making more, or is he saying more by this holding you want us to rely on? Well, I think he said more than that. I think if you look at the language at the record at, at the record on, let's see, page 400 of the record, I believe the trial court makes very clear what he was doing. If you look at the last paragraph, the second sentence, the court notes that the claim splitting test does not require a finding that the parties are identical in both suits. That's a correct statement of the law. But then he goes on and says, rather comma, courts apply the same transaction test. I think that's what this whole order turns on. I think it's apparent from this record and this order that what, what the trial court did, and I hesitate to use Judge Yankel's name because he's a good friend of mine and I have tremendous respect for him. But the mistake he made here, the legal error he made here, is that he said you don't have to show that the parties are identical, rather you have to show that the, the, the courts apply the same transaction test. He treated it as though that the same transaction test somehow was a substitute. So is a limited remand what needs to happen? We need to find out whether the, one has authority to represent the other? On this record, that's an excellent question. We believe the case should be reversed and remanded for further proceedings. It could be that the appellee moves for summary judgment on claim splitting after some discovery on this issue. But that wasn't allowed here. Of course, you'd be pretty much starting over because Judge Yankel has retired, so. Of course he has. He's at a, he's at a rival firm now. But we would. So what would we, if we were to agree with you that that's proper, I don't, I don't know whether we will or we won't, what would our order say? What would it tell the now Judge Yankel's substitute to do? It would reverse and remand for further proceedings. The court could take up a different motion to dismiss. The court could vacate this order and remand it for further proceedings, instructing the trial court, the judge that gets this case, whether it's Judge Pittman or Judge Ezra, to consider what the, this court's made clear it must consider, which is whether or not there's privity between the parties. We don't believe that's necessary or would be appropriate here because, again, this is a, this is a dismissal stage case. On these pleadings, there's no privity. And what we know for the, from the general land office case, in order for there to be privity, the, the, the plaintiff or the claimant in the first case, which in this case is the subsidiary company, AHD Management, would need to have the legal authority to represent the interests of a different entity through to the final judgment. I thought in GLO it just said adequately represents them. The, the, the language in GLO says is that, that what the, what the court found is that the GLO, the general land office, has no legal authority to represent the interests Texas, the state of Texas asserts here in a final adjudication of the issue in controversy. They were representing different interests. The general land office was representing the interests it had in a 3,000 and something anchor piece of property down near the Rio Grande, and the state of Texas was representing its interests, which was that by not spending the money on the wall, the state was forced to spend all this money dealing with an influx of, of, influx of immigrants. So those are different interests. Just like in this case, we're dealing with the trade secrets of Armadillo Hotel Group. I don't want to lose sight of the fact that this federal complaint is about trade secrets that Armadillo Hotel Group owns. Why do I think, is it from remembering anything in the record that those, the allegation is that the employees, Harris and the other fellow, took them from, those Armadillo documents from desks or access that they had through AHG? There's, that's correct. The allegations are, is that they, that the individuals, Harris, Todd Harris, and Jason McDaniel took information that they had gained access to by virtue of their employment, regardless of the entity they were employed by, but through their employment, they got access to that stuff. Maybe help me with that though. How can you reconcile the pleadings? Who hired them? Armadillo or AHG in May of 2019? I think for purposes, what we know from these pleadings, and it's safe for this court to assume is that they were employed by both, by Armadillo Hotel Group and AHG. Hired and employed by both. So why isn't it an inference that's implicit in this record that if you're hired and employed by the same, by two entities, then those entities are in privity? Because that's not, well, with due respect, Your Honor, that's not what the, that's not what the complaint says. The complaint says that these trade secrets are owned by Armadillo Hotel Group. And I should point out, again, we're at the 12B6 dismissal stage. At this point, any inferences are to be drawn in favor of the non-movement, and that's us. So to the extent any inferences can be drawn, they need to be drawn in our favor. And this is not a fact-finding exercise. We've alleged in our, in our, in our papers that- A little odd though, if I'm right, I'm sorry to interrupt, but it's your time, so I'm trying to save you time. I could see, and this is speculation, Judge Yackel is drawing an inference only from the pleadings in front of him. He's saying, oh, the same entity hired them, same entity employed them, secrets were possessed by the same entity, so then they're in privity. That's probably- Except that he didn't, except that he didn't address that. He didn't, he made no findings as to privity, and let's, let's not forget, he specifically acknowledged that they're different entities. So we know there was no confusion there. So again, I'm, I'm, I don't mean to belabor it, but if we were to remand, as you know, we can do a full remand, in which case there'd be a new notice of appeal by whichever side loses, or we can do a limited remand and we retain jurisdiction. So I'm trying to decide, is this a fact-finding exercise that we would direct the new district judge to engage in, or is it a decision as a matter of law, in which case we could decide it ourselves if we, if we wanted to? We believe it's a decision to be made as a matter of law, Your Honor, because there's clearly- On, on privity. On privity, and it should be remanded on, on that basis, and, and let's, let's- But that wouldn't be a remand, though, if it's, if, if, if we, if we decide the question of privity, then what, what, what's left for the district court to do? That's, that's- Well, you, you wouldn't necessarily, all you'd be deciding is the question of privity on these pleadings. Okay. There's nothing to prevent the defendants in the federal case from engaging in a further motions practice to dispose of the case by summary judgment or, or whatever procedural means. That would all remain available to them. And let's, and I'll remind the court that, that four of the six parties in this federal case are not parties to the state court case. Okay? There are, there are three defendants which are not parties to the state court case, one of which didn't even appear and had an entry of default taken against it, which, and these claims have been dismissed with prejudice. So, the purpose of the claim splitting doctrine is to predict, prevent duplicative litigation. It's not to bar a party from ever asserting its claim in any court. And this court knows that at the, at this dismissal stage, regardless of what the trial court thinks of the merits of our pleadings, this is not the manner by which or the, the, the stage at which to dismiss them. It's not an issue of whether or not the court believes our claims are good or not. Claim splitting, what you typically see, and as this court acknowledged in general land office, I think in footnote six or in note six to its opinion about applying an abusive discretion standard, that makes a world of sense. Because what you typically see in these cases is a situation where the identical parties file a separate case, oftentimes in the same court, certainly in federal court, to sidestep an adverse ruling that they're trying to get around. You have none of that here. The purpose there is, is truly docket management. Look, they're trying to take an end run around my denial of their motion to amend their pleadings. I'm not going to let them get away with that. It'd be futile for them to replead because we've already been there. So this case is nothing like that, Your Honor. I see I'm out of time. Unless the court has further questions, I'll sit down and save my remaining time for rebuttal. You've saved rebuttal time. Thank you, Mr. Trahan. Mr. Nickerson. May it please the court, Philip Nickerson on behalf of police, Harris, McDaniel, Southeastern Disaster Relief Services, Embattlement Mesa Consulting. This case, the district court, in an exercise of its discretion, appropriately dismissed these claims on claims-leading grounds with prejudice. And the court was asking about the issue of privity here. I'd like to correct the record and go back to the district court's order. The appellant points out the use of the language, use of the word rather, in the district court's order on page 400 of the record, but fails to note the second sentence that immediately follows that, in which the court quoted the correct law and the accurate law on claim splitting where he said, the pendency of a previously filed suit defeats another if the cases are the same, involving the same parties or interest in asserted rights, and the relief must be founded upon the same facts. The interest in asserted rights is part of the test for determining whether or not there is privity between parties, and that test has been taken from the Supreme Court's guidance in Taylor v. Sturgill on the issue of the exclusion to non-party claim preclusion. Now, the court then goes on to, yes, note that there is apparent difference in the names of the two entities in the state and the federal court action, one in the federal court action being Armadillo Hotel Group and the other being AHG Management, LLC, but goes on to say that these allegations in both of the live counterclaim as well as the federal complaint are the exact same, as well as the allegations that were in the original counterclaim, and in doing so . . . As you heard from opposing counsel, the argument here is that one party in the state case on the counterclaim had certain interests that he alleges here is McDaniel improperly acquired in the new federal case, second file, not all that new anymore, Armadillo is arguing there was trade secrets uniquely owned by it and not by the, I forget who the subsidiary, but you know who's who. So what of that? Basically, as I understand the argument, at least where it might go, is you have two different entities who may have both employed, that seems a bit ambiguous, but let's say they did, both employed these two, Harris and McDaniel. Harris and McDaniel took some stuff from one and some stuff from the other. Is that claim splitting for the owner of the trade secrets to sue separately from the other, or are the claims in the two cases far beyond that? It's a lot more than just suing over the trade secrets in the federal case. The claims are both related, as far as the asserted rights go, for the question of privity here. Those claims in both the live counterclaim, as well as the original counterclaim in the state court case, and then in the federal complaint, are about the taking of specific vendor pricing information, which was this linen vendor, a linen vendor that AHG claimed was information that it had and that Harris and McDaniel took during their employment for AHG management, and that the federal complainant, Armadillo Hotel Group, took. Now, I'd also like to make an important point here on this issue of ownership of the trade secrets. Two points, actually. First, the complaints, which were being reviewed under the 12b6 standard, the federal complaint says that Armadillo Hotel Group has ownership and is owner of the trade secrets at issue, and then it lists information that was alleged as being taken. Now, second, the fact that Armadillo Hotel Group was an owner does not preclude AHG management from bringing and asserting a misappropriation of trade secrets claim against Harris and McDaniel as an affiliate, a corporate affiliate of Armadillo Hotel Group, and that has been dealt with in district courts across the United States, and most recently in Cox v. Wells Fargo, this is a recent opinion from March of this year, 2023 Westlaw 3011155. That court found that where the trade secret claim, the party at issue in that case, did have standing to bring a trade secret claim where it was a closely aligned corporate affiliate of the legal owner of the trade secret, and here, although it wasn't addressed directly in the complaint, it was acknowledged on the record at 213 in the brief for the appellant that Armadillo Hotel Group is the parent company of AHG management, which originally asserted these claims in the state court action. And so this, the idea that as a trade secret owner, it has a separate and distinct claim and that there is no privity because it owns a trade secret does not necessarily mean that, it will, does not defeat the claim of the privity prong of the claim splitting analysis. Now, the court also goes on. I mean, opposing counsel, you know, he's disputing that these are the same claims, but it does seem to me that it's fair, Judge Yackel didn't abuse his discretion into seeing a nucleus of fact, but the difficulty does seem to be the second part. Do you agree these aren't two identical companies? That's not a contention. That is not a contention. And also, did the order, Judge Yackel's order, explicitly make a finding as to privity? So, can you quote it or is it an implicit finding? It's an implicit finding. Okay. Did any case that he cites relate to privity in a circumstance where the parties weren't one and the same? There is no case that he cited that relates to privity where the parties are one and the same. Okay, so then when I look at the GLO, the 28J case, it took our court two paragraphs to decide there wasn't privity. It's a pretty fact-dense inquiry. And so, I guess to turn that into a question, what case would you direct us to where privity was decided at the motion to dismiss stage? I would point this . . . Is it one you put in the brief or is it . . . Correct. We cited to a case, it's the Hearn case out of the Southern District of Mississippi, where in that instance, the defendant actually . . . the parties had found that the court addressed the issue of prity in a fairly cursory manner. But part of the issue here, Your Honor, is there's not a robust area of case law on considering these sort of facts. And I think part of that is because ultimately what was happening here runs afoul of the purposes of claim splitting. And one of those purposes was called out by Judge Yackel in his opinion, which was certainly to avoid harassment by repetitive litigation. But there's also the second part, the unspoken part here, which is to gain a procedural advantage. The counterclaimants had their counterclaims and could not remove their case and their claims to federal court without alleging that some other party had the right to these trade secrets claims. They couldn't do that under the form defendant rule in section 1441. And although the federal complaint jurisdiction is based on section 1331, it's well settled in this circuit and across the circuits of the United States that a counterclaimant is not able to remove a case to federal court on the basis of 1331 jurisdiction arising out of the federal law. And so they're gaining a procedural advantage here in order to ultimately get these federal claims before federal court and they're not allowed to do so. Now . . . Mr. Nicholson, let me pick up on something Judge Smith was asking your friend on the other side. It seems to me the relationship between these two companies may have been admitted, acknowledged by the counsel for them, not sure, in district court. But to the extent that the relationship is important, I think we can assume that they are related based on the similarities of the counterclaim and now the complaint, dismissed counterclaim and now the complaint. But exactly what that relationship is, who is the subsidiary of the other, who can sue for the other's property, I'm trying to figure out if that . . . if we're doing it on the pleadings, it has to be a legal matter. And that's what I'm trying to sort out, whether we are looking at interpreting the motion to . . . issues for a motion to dismiss that were not fully explored by Judge Yackel in his order, but there's still a motion to dismiss legal issues. Or are we looking at a factual dispute of the exact relationship and maybe something else too. I'm not sure what other factual disputes there would be that we would have to remand for. You got any help you want to give me on that? I think the help comes from taking a large step back here and really focusing on what is required for finding privity. And privity as held in the United States Supreme Court Taylor v. Sturgill case can be found in a number of different ways. One in particular here is whenever there are the same interests and there has been adequate that the earlier in time plaintiff or claimant had . . . was adequately representing someone with the same interests and that someone being obviously the party who brought the claims in the second case. And so the court can look at the pleading in the federal court and compare that and take judicial notice of the counterclaim allegations there and see that what is alleged are the exact same interests. And those are an interest in protecting the, in particular, Linden Vendor pricing information. The Linden Vendor pricing information in every single breach of fiduciary duty counterclaim that is alleged is the act, the actus reus, that breached the fiduciary duty. And that is in the live pleading, not just in the . . . In your brief you talk about commonalities, but you never say there's . . . on the pleadings there was control of one entity over the other. Is that right? Correct. I don't think there's enough in the pleading to, to . . . there's nothing in the pleading that says one party had control over the other. I think that an inference certainly could be drawn in light of taking the facts as alleged in the . . . Right. But you can't draw an inference at the 12B6 stage against the non-movement. Correct. I think what the court did was it took the pleadings as they are stated as true, which is that they have, they both employed Mr. Harris and Mr. McDaniel, that they both have an interest in the vendor pricing information as well as the distressed asset list, which is also a basis of the breach of fiduciary duty claims and the counterclaim, and then compared that to the asserted rights and interest in the, the, the counterclaim. But following the logic, dismissal with prejudice based on claim splitting, how would there be gamesmanship or harassment as to the other co-defendants in the federal case that aren't even charged in the state litigation, right, like GLM? So there, too, there's a problem as to, is it the same parties? There's no harassment because there are no claims that were split, right? Two points on that. Okay. First, the, in the counterclaim, the counterclaim directly calls out SDRS, the entity defendants, as being the beneficiaries of the stolen information. They, in both claims, also note that the, both in the federal complaint and the counterclaim, that the entity defendants are the personal and family, the personal and family-owned businesses of Mr. Harris and Mr. McDaniel. And in taking those in true, Mr. Yackel, or Judge Yackel, excuse me, did not abuse his discretion whenever he determined that there is sufficient privity there, too. And I think what you're touching on, Judge Higginson, is, is at a point that's worth really teasing out a little bit, which is. Aim over even as to GML. Nowhere in the state case. Sorry, one more. GML? Isn't that one of the? GML, yes. I, I missed your question. How would it be proper to dismiss with prejudices to them? The, the, it would be proper in part because of the ultimate purpose of what claim splitting is about. The claim splitting is, is intended to ensure that these, all these claims, all the asserted rights are heard in one forum, at one time, and that there's consistency and judgment and, and ultimate resolution of these claims that an entity has. But my point is, they'll never be able to go out, they're not in the state case. They're not currently in the state case, but they could have been brought into the state claim, into the state case. And, and therein lies part of the problem, is there's this decision on the part of AAC management and Armadillo to take these claims separately when they had an opportunity, not only an opportunity to bring these claims in the state court, but they had the allegations there already. They just needed to amend to assert those claims if they believe that they had any legitimate purpose of doing that. And this brings me to the point on the dismissal with prejudice that Mr. Trahan raised. Dismissal with prejudice would be, it was appropriate and not an abuse of discretion here. The courts have found, numerous district courts have found, and we've cited these in our response brief, that dismissal with prejudice is appropriate where there is an attempt for an end run or to gain an advantage procedurally. Typically that occurs, and in most of the cases that we cite, in fact I believe all of the three district court cases that we cite, that occurred where a party was granted leave to amend their complaint in order to assert these, the later in time filed claims, chose not to and instead filed a new suit. But here, I think the purpose is furthered even more where those allegations were already alleged and instead the federal plaintiff decided to split those claims and take them out of the original counterclaim and re-allege them for no other purpose than to get into federal court. I'll also note that this 11th circuit has handled and affirmed a decision by the district court in Florida to ultimately dismiss with prejudice on 12B6 grounds. In that case, it's Kennedy v. Florida Hotel, Inc. Is this in your brief? This is not. That's always challenging for us. Is it a decision that came down since you filed the brief? No, Your Honor. But the 11th circuit has found that and affirmed of dismissal with prejudice whenever there has been an attempt to gain procedural advantage like there was in this case and in this instance. I think at this point, Your Honors, unless there are any further questions, I'd cede back the rest of my time. Thank you, Mr. Nickerson. Mr. Hannon for rebuttal. I'd like to start by addressing a point that Appellee's counsel made. concerning procedural advantage. There's nothing in this record suggesting that the appellant here filed this second lawsuit in federal court to assert claims for under the Defend Trade Secrets Act to gain a procedural advantage. But filed the same day as the counterclaim in state court, right? They did file it the same day that the counterclaim was admitted in state court on behalf of HG Management LLC. That's correct, Your Honor. And as the court knows, there's free amendment of pleadings in Texas state court. The appellees here, well, I should say the plaintiffs in the state court case here, Mr. Harris and Mr. McDaniel, have amended their pleadings multiple times. So there's no evidence of any procedural advantage, nor is there any finding of procedural advantage. And again, going back to the privity issue, which we think is critical here, it's true, it's a correct statement of the law to say that privity can be established by control. And I believe Appellee's counsel has conceded that there's no evidence of, not on the pleadings at this stage, no evidence of control. The appellants do state in their response, they acknowledge that Armadillo Hotel Group LLC is a parent of the subsidiary, which is the claimant in the state court case, HG Management. But agency's not enough. Agency can be evidence of privity, but only according to the general land office case, only if the party in the first case is legally authorized to represent the interests of the state court in the second case. And what does that mean here? It means much like it did with respect to the state of Texas and one of its agencies. This court found in the general land office case that the agency of the state was not legally authorized to protect the interest, to represent the interest of the state of Texas. In much the same way, the subsidiary entity, which is the plaintiff, I'm sorry, is the authorized to represent the interest of the parent entity, which is the plaintiff in the federal case. And for those reasons, we believe that there's no factual basis on these pleadings for which the court could have found privity at this stage of the proceedings. And there certainly is no evidence in the trial court's order that there was any consideration of privity as an option. The court clearly abandoned one of the essential requirements for showing claim splitting. And I'd like to go back to some of the questions that the court has asked here today about the sort of what this all means and where this leads, and is this an abuse of discretion? I can't – well, I don't want to overstate this. I don't want to be overly dramatic. But it would be an injustice for this plaintiff and this case to be denied an opportunity to assert claims for the theft of its trade secrets against not only the two plaintiffs in the state court case, but against three parties, three entities that are not a party to the state court case, one of which didn't even bother to appear in the trial court level or in this court, which is Grand Majestic Lodge, which is referred to in the papers as GML. It would be entirely unjust for this claimant – and contrary to the policy behind claim splitting, which is to keep – to avoid duplicative litigation, not to prevent a party from ever asserting its claims anywhere in any court, which is what this trial court's judgment has done. So for those reasons, Your Honors, we would ask that you reverse the trial court's decision and remand it to the trial court for further proceedings. All right, thank you, Mr. Trahan. Your case is under submission. The court will take a brief recess before hearing the final two cases.